The State *v.* Parker.

THE STATE, for the use of the Heirs of BENJAMIN HOWARD, deceased, *v.* W. W. PARKER.

1. SUSPENSION OF STATUTE OF LIMITATIONS. *Coverture.* Where the right of action had accrued, and afterward the statute is suspended, and during the suspension plaintiff is married, the coverture existing at the end of the suspension cannot be relied on to defeat the bar.

   Case cited: Fisher's Negroes *v.* Dabbs, 6 Yer., 160–68.
   Code cited: Sec. 2775.

2. SAME. *Guardian and ward. Trustee.* A ward is not barred because the statute has run as to the guardian. The doctrine that when the trustee is barred the *cestui que trust* is also barred, does not apply to guardian and ward.

   Case cited: Goss *v.* Singleton, 2 Head, 67.

3. SURETIES. *Several bonds.* Sureties upon several bonds may be sued at the same time. It is not necessary to exhaust the property of the guardian and sureties on the last bond, before bringing suit against sureties on the first.

   Case cited: Jamison *v.* Cosby, 11 Hum., 273.

---

FROM LINCOLN.

---

Appeal from the Circuit Court. W. P. HICKERSON, Judge.

No counsel marked.

LEA, Sp. J., delivered the opinion of the court.

This is an action against the security upon a guardian bond, commenced in the Circuit Court of Lincoln county on the 27th of March, 1874. The cause was heard by Judge W. P. Hickerson, without the inter-

vention of a jury. Judgment for the heirs of Howard, and an appeal to this court by Parker.

On the 3d day of October, 1859, A. E. Moore was appointed by the County Court of Lincoln county guardian of Mary B., Martha, Julia A., Hester A., W. S., and James F. Howard, minor children of Benjamin Howard, and entered into bond in the sum of $3,000, with defendant W. W. Parker and one R. A. McDonald as his sureties.

On the 7th of October, 1861, Moore renewed his guardian bond in the sum of $5,000, with the said R. A. McDonald and one John S. Fulton as his sureties.

On the 5th of March, 1866, Moore resigned as guardian, his resignation was accepted, and on the same day F. M. Snoddy was appointed guardian of Wm. S., James F. and Hester A. Howard, the other children having become of age or married. Mary B. was of age on the 23d of May, 1862, and married Daniel P. Shofner 28th December, 1865. Martha, who married F. M. Snoddy, it is agreed, seeks no recovery in this action. Julia A. became of age on the 29th of January, 1866, and was married to R. F. Neil on the 18th of December, 1866. Hester A. became of age on the 9th of December, 1870, and married —— Moffit, at what time does not appear in the record. W. S. Howard was twenty-one years of age on the 14th of June, 1868, and James F. Howard was of age on the 13th of December, 1872.

On the 31st of July, 1867, the guardian, Snoddy, and all the parties for whom Moore had been guard-

ian, filed a bill in the chancery court at Fayetteville against A. E. Moore and R. A. McDonald, and Geo. B. Boyles, administrator of Jno. S. Fulton, then dead, McDonald and Fulton being securities upon the guardian bond of the said Moore, executed October 7, 1861. On the 2d of November, 1870, they obtained a decree for $2,756 against Moore and Boyles, administrators. McDonald, in the meantime, had been adjudged a bankrupt, therefore an execution was issued and returned *nulla bona.* This action on Moore's bond of 3d of October, 1869, was commenced on the 27th of March, 1874, against defendant W. W. Parker alone, who was surety upon said bond.

We have been thus particular about giving dates because the statutes of limitation are relied on in bar of this action. By sec. 2775 of the Code it is provided that actions against sureties of guardians shall be commenced within six years after cause of action accrued. In this case the cause of action accrued to Mary B. on the 23d day of May, 1862, and to Julia A. on the 29th day of January, 1866, the dates at which they respectively became of age, for when the ward becomes of age, or a female marries, the guardianship ceases. 10 Yer., 160–168.

But it is insisted that the statutes of limitations were suspended until the 1st of January, 1867, and at that time they were both under disability by reason of coverture, and, therefore, they are not barred by the statutes of limitations. At the time the cause of action accrued they were not under disability, and their subsequent coverture during the suspension of the

32—VOL. 8.

statute of limitations cannot be relied on to defeat the bar of the statute. As to William S., James F., and Hester A., who were minors, the cause of action accrued at the time of the resignation of A. E. Moore as guardian, and the appointment of F. M. Snoddy as guardian in his place, which was on the 5th of March, 1866.

It is insisted that the right of action of these children are barred because the cause of action accrued to their guardian Snoddy immediately upon his qualification as guardian, and that being so, he was barred January 1, 1873, and the guardian being barred, that the wards are barred, though they be minors, and to sustain this position we are referred to the case of *Goss* v. *Singleton*, 2 Head, 67, and other cases in our Reports, holding that when a trustee is barred that the *cestui qui trust* is barred.

The position is not sound, nor is it sustained by those authorities. In all these cases it will be found that the legal title was in the trustee, and, therefore, when he was barred, the *cestui qui trust* was barred. But the legal title is not in the guardian; the ward is the owner, and the guardian is a mere custodian. It follows, therefore, that though the statute may bar the guardian, it does not bar the ward, and under our statute he has three years in which to commence action after the removal of his disability.

William S. Howard became of age on the 14th of June, 1868, and Hester A. Moffit became of age on the 9th of December, 1870, and this action not being commenced within three years after the removal of

their disability, the statute is a bar to their recovery, but not so as to the youngest child, James F. Howard, who became of age on the 13th of December, 1872.

But it is earnestly insisted that none of these plaintiffs are barred by the statute, that the statute was suspended when they commenced suit on the 31st of July, 1867, against A. E. Moore and his sureties upon his last guardian bond, and that they could not maintain an action against the sureties upon the first bond until they had exhausted the property of the guardian and sureties upon his last bond.

This position is untenable. When the cause of action accrued against the guardian it accrued against the defendant. The commencement of this suit was the commencement of action against the defendant. He was not a party to the suit of July 31, 1867, and was, therefore, not affected thereby. If they had seen proper they could have made him a party to the bill filed by them on the 31st of July, 1867, and the court could have rendered a decree against the sureties upon the different bonds, declaring the order of their liability. But to sustain their position we are referred to the case of *Jamison* v. *Crosby*, 11 Hum., 273.

In that case the question before the court was a construction of the statutes in regard to the discharge or release of sureties upon guardian bonds, and the liability and order of liability of sureties upon guardian bonds.

In the opinion the learned judge says: "The new sureties are cumulative to the former, and so upon each renewal the sureties are cumulative. They are

not liable to suit or action at the same time, but are liable in the order indicated by the statutes, that is, the last sureties taken under the statute shall be first liable, and so in that order."

There is no reference to the statute of limitation in that opinion; in fact, at that time there was no statute of limitation in favor of sureties upon guardian bonds. While it may be true that the sureties upon the several bonds are not liable to make payment at the same time, or to be sued at law in the same action, yet there can be no question but that the sureties upon the several bonds are liable to be sued at the same time. The conditions of the several bonds are that the guardian shall faithfully perform the duties of his guardianship, and whenever he fails to perform his duties faithfully, he is guilty of a breach of the conditions of the several bonds by the same act, and at the same time, and the cause of action accrues on the several bonds at the same time, and the sureties on each bond are liable to action at the same time.

The judgment of the plaintiff, James F. Howard, will be affirmed; the judgments in favor of the plaintiffs will be reversed, their suit dismissed, and they will pay four-fifths of the costs of this court and the court below, and the defendant will pay the balance.