HENLEY *v.* ROBB.

*(Nashville.    March 6th, 1888.)*

1. WILLS.    *Construction.    Remainder to survivors.    Devolution of accrued shares.*

   A testator gave the proceeds that should arise from a sale of his entire estate to his six children equally.    He provided that the "amount given" any child who might die without issue capable of taking by inheritance, should accrue to the surviving children. After testator's death, but before distribution of his entire estate, five of his children died—four childless and intestate, and one leaving issue.    The remaining child still survives.

   *Held:* That *only original shares* passed under the *will;* and that *accrued shares* passed under the *law* to heirs and next of kin of each decedent.

2. SAME.    *Same.    Same.    Same.    General rule.*

   Clauses in wills disposing of the shares of devisees and legatees in the event of their death before a given period, or without issue, or upon any other contingency, do not, without a positive and distinct indication of intention, extend to shares accruing to them by survivorship under the provisions of the will.

   Cases cited and approved: Lewis *v.* Claiborne, 5 Yer., 370; 3 Atk., 80; 1 P. Wms., 274; 2 Ver., 388; 3 Brown Ch., 465; 3 Ired., 155.

3. GUARDIAN AND WARD.    *Statute of Limitations.    Guardian barred, ward not.*

   A right of action, barred as to the guardian of a minor, may nevertheless be asserted by suit of the minor, commenced within the saving of the statute, after attaining his majority.

   Case cited and approved: State *v.* Parker, 8 Bax., 498.

   Cited and distinguished: Williams *v.* Otey, 8 Hum., 563; Bayless *v.* Elcan, 1 Cold., 99.

4. SAME.    *Settlements.    Effect of.    Estoppel.*

   Guardians' settlements made pursuant to law in the County Court are only *prima facie* correct, and constitute no obstacle to the suit of the

Henley *v.* Robb.

ward to recover of the guardian personally a fund which came to his hands before his appointment and was never accounted for in his settlements.

Cases cited and approved : Pickens *v.* Bivens, 4 Heis., 231 ; Matlock *v.* Rice, 6 Heis., 33.

(See Code, § 4535 (M. & V.) ; § 3786 (T. & S.) ; Hammond *v.* Beasley, 15 Lea, 618.)

---

FROM SUMNER.

---

Appeal from Chancery Court of Sumner County. GEORGE E. SEAY, Ch.

VERTREES & VERTREES for Henley.

S. F. WILSON and J. W. BLACKMORE for Robb.

LURTON, J. The second clause of the will of Martin Henley, who died in Sumner County, Tennessee, directed that all of his real and personal estate, wherever situated, should be sold by his executors, and that "the proceeds of said sales and the money on hand I will and bequeath equally to my children, Dorothea Wilson, Elizabeth, John, Martha, Julia, and James Henley, *subject to the limitations hereafter made."* "Third. Should either of my above-named children die without issue capable of taking by inheritance, then, and in that event, I give and bequeath *the amount given to such child or children to their remaining*

*brothers and sisters."* · Since the death of testator five of these legatees have died. Four of them died intestate and "without issue capable of taking by inheritance." The other, James Henley, left one child, the complainant, William M. Henley. The only survivor of the children of the testator is the defendant, Mrs. Dorothea Robb, formerly Wilson.

These deaths occurred in the following order and time:

1. Mrs. Elizabeth Bowman, in 1860; childless and intestate.

2. John Henley, in 1860, leaving complainant his only issue.

3. Mrs. Martha Hamblin, in 1864; childless and intestate.

4. James Henley, in 1864; childless and intestate.

5. Mrs. Julia Rice, in 1866; childless and intestate.

Upon the first death—that of Mrs. Bowman— her interest, under the will, undoubtedly passed equally to her five surviving brothers and sisters, and this by force of the will. Upon the death of the second child, his *original* share, it is admitted, went by inheritance, and not under the will, to his son, the complainant; and it is likewise agreed that the fifth of a share, which had accrued to John Henley by reason of the previous death of Mrs. Bowman, likewise went to complainant.

The controversy is only over the other accrued shares.

These five deaths all occurred before 1867, but owing to the disturbed condition of the country, growing out of the war between the States, nothing was done toward winding up their estates until after the death of Mrs. Rice, in 1866. A large part of the share of each, under the will, had been paid over by the executors in the lifetime of the parties, but a part of each share remained in the hands of the executors in 1866. Upon a settlement between the executors, the administrators of deceased children, and Mrs. Robb, the only survivor, and the then guardian of complainants, Col. J. J. Turner, which occurred in 1866 or 1867, there was paid over to the defendant, Mrs. Robb, the original shares bequeathed to the four children who had died without issue, and the accruments which had resulted from the antecedent deaths. That is to say, Mrs. Robb received not only the original share of one-sixth of the whole estate of her father, which had been the share of her sister, Mrs. Hamblin, but in addition to that, she claimed and received *one-fifth of the original share* of her sister, Mrs. Bowman, who died before Mrs. Hamblin, claiming that the one-fifth which had accrued to Mrs. Hamblin by the pre-decease of Mrs. Bowman likewise passed, under the will of their father, to her as survivor. Like claims were set up and sustained as to all the accruments which had resulted to her brother, James Henley, and her sister, Mrs. Rice. This settlement seems to have been

made under the opinion, then entertained by the guardian of the complainant, that under the will accrued shares, as well as original shares, passed to the survivor or survivors of the children.

Complainant files this bill to recover from Mrs. Robb a part of the accruments thus received by her, basing his claim upon the proposition that the will does not provide for a second devolution of any share, but ' that accruments became the absolute estate of the child to whom they accrued under the will, and hence did not pass under the will a second time, but by the laws of descent and distribution.

If this contention is sustained, then it follows that, upon the death of each of the children whose deaths occurred after the death of complainant's father, complainant, as a distributee under our statutes, would share with his aunt, the defendant, such accrued shares.

The question, then, is, Do accrued shares under this will pass with the original shares to the survivors? The general rule, under a long line of decisions, is that clauses disposing of the shares of devisees and legatees dying before a given period, or without issue, or upon any other contingency, do not, without a positive and distinct indication of intention, extend to shares accruing under the clauses in question. 3 Jarman on Wills, 560; *Pain* v. *Benson,* 3 Atk., 80; *Perkins* v. *Micklethwaite,* 1 P. Will, 274; *Rudge* v. *Barker,* Talbot, 124.

As stated by Lord Hardwicke in *Pain* v. *Benson*

in illustration, "as where a man gives a sum of
money to be divided among four persons as ten-
ants in common, and declares that if one of them
die before twenty-one or marriage, it shall survive
to the others. If one dies and three are living,
the share of that one so dying will survive to
the other three; but if a second dies, nothing will
survive to the remainder but the second's original
share, for the accruing share is as a new legacy,
and there is no further survivorship."

Is there in the will now under consideration
any positive and distinct indication that the tes-
tator intended that accrued shares should survive?
The language here used by the testator concern-
ing survivorship of shares is that, "in that event
[the death of a child without issue], I give and
bequeath *the amount* given to such child or chil-
dren to their remaining brothers and sisters." The
subject-matter thus surviving is "*the amount given
to such child.*" We do not find these precise words
construed. In the case of *Rudge* v. *Barker* the
clause was, "and if any dies, to the survivors or
survivor, share and share alike." It was held that
there was no second survivorship of a survived
share, but that the accrument went to the admin-
istrator of the child to whom the accrument came.
In the case of *Woodward and Glassbrook*, reported
in 2 Vernon, 388, but likewise reported in a note
to *Rudge* v. *Barker*, the language was, "such child's
part to go over to the survivor's children." It
was held that it was within the general rule, and

that a survived part would not go over a second time. Mr. Jarman says that the word "*share*," from an early period, has been held not sufficient to carry with the original a survived share, and he cites several English cases to which we have not had access. 3 Jarman, 561. The word "*portion*" has been held synonymous with share, and not to comprise an accrued share. *Bright* v. *Rowe*, 3 My. & K., 316.

Of course where, from the whole will, it is clear that the testator intended that the entire property which was the subject of his disposition shall pass over in one mass to some ultimate object of distribution, the accruing as well as original shares would have to pass to survivors, to the end that in the event of the contingency ultimately provided for the whole property might be intact. Such was the case of *Worlidge* v. *Churchill*, 3 B. C. C. C., 465, and that of *Eyre* v. *Marsden*, 2 Ker., 564; S. C., 4 My. & C., 231. The case of *Skinner* v. *Lamb*, 3 Ired. S., 155, was this: The will, after providing for survivorship among his children, concluded with these words: "That the survivor or survivors have the whole." And by a separate clause, he provided that "should my children all die without leaving an heir begotten by their bodies, my wish and desire is that my brother T. should have the whole of my estate as allotted to my children." Under this will it was very properly held that accrued shares passed to the survivors.

It is to be observed that the children of testator are not made joint tenants of the fund devised. They take several shares. If it were otherwise, the rule would be very different.

The case referred to by the solicitor for the defendant, where the gift was to several "with benefit of survivorship," is not applicable here, because that language is by no means the language of this will. Where it has been used, it has been held to indicate an intention to pass accruments.

We can see nothing in this will to take it out of the general rule, and we consequently hold that accrued shares do not pass under the will, but become the absolute property of the child to whom they accrued, and descended under the law to the heirs and next of kin.

The intimation of this Court, in *Lewis* v. *Claiborne*, 5 Yer., 370, is in accord not only with the general rule, as we understand it, but the will construed in that case is in all essentials like the clause now under consideration. *"Amount given"* is, in our opinion at least, synonymous with " shares" and "portion."

It is next insisted by defendant that this will has heretofore been construed, and that such former construction by a Court of competent jurisdiction is such an adjudication as is conclusive upon all persons interested.

We have carefully examined the pleadings and decrees in the two causes relied upon as sustain-

ing this defense, and are of opinion that the question as to whether accrued shares would pass under the will has never heretofore been presented by pleadings or determined in any decree. The construction sought and obtained did not involve the question now raised, and hence is not *res adjudicata.*

The next defense interposed is that of the statute of limitations.

Mrs. Robb received these accrued shares in 1866 or 1867, and received them as under a claim of right, in perfect good faith, and has held and claimed the entire amount of such accruments as her own.

This suit was brought in 1883. But complainant has been a minor,' only reaching his majority in November, 1880, and this bill has been filed within three years of that time. Thus he is within the saving of the statute. But it is insisted that the former guardian qualified in 1860 and did not resign until 1875, and that he could have sued for complainant's share of these accruments, and that, failing to do so within the time prescribed by statute, is barred; and that, inasmuch as the guardian is barred, the ward is likewise barred. To sustain this proposition the doctrine is invoked that when the trustee, having the legal title, is barred, the equitable title of the beneficiaries is likewise barred. *Williams* v. *Otey,* 8 Hum., 563; *Bayliss* v. *Elcan,* 1 Cold., 99.

These cases proceed upon the ground that the

legal title is vested in the trustee, and that, the legal title being barred, the equitable is likewise.

The legal title to the property of the ward is not in his guardian. He is but the custodian of the ward's estate. The case of guardian and ward is not identical with that of trustee and *cestui que trust* in this particular, and therefore is not within the doctrine of *Williams* v. *Otey*. This distinction has been clearly made by this Court in the case of *State, for use, etc.*, v. *Parker*, 8 Bax., 498. We see no reason for refusing to follow that decision. It is conclusive upon the question of the statute of limitations.

One other question remains for consideration. After the resignation of Col. Turner, the former guardian of complainant, the defendant, Mrs. Robb, was appointed, and she received from Col. Turner the fund in his hands. When complainant reached his majority, Mrs. Robb, as his guardian, made a final settlement in the County Court of Sumner County, and paid over to him the balance found against her by the settlement; and this settlement is now plead in bar of this suit. County Court settlements between guardian and ward are not conclusive. They are only *prima facie* correct. *Mattlock* v. *Rice*, 6 Heis., 33; *Pickens* v. *Bevins*, 4 Heis., 231.

Mrs. Robb did not pretend to account for complainant's share in these accruments, nor was any question made about them. No effort was made

to settle or adjust this question of her liability on this account. She says in her answer that she had never heard of such a claim upon the part of complainant until he filed this bill. She had not received these· accruments while guardian, but years before her qualification. She is not now sought to be held liable as guardian.

Under these circumstances, there can be no doubt but that the settlement made by her as guardian is not conclusive, and it interposes no obstacle to the maintenance of this suit.

The decree of the Chancellor must be affirmed.