## JACKSON v. CRUTCHFIELD *et al.*

### (*Knoxville.*    September Term, 1903.)

1. **LIMITATIONS OF ACTION.** Persons under disability have the full time allowed by the statute in which to bring suit. Where a cause of action accrues to a person under disability, such person is entitled to the whole period of time limited for the bringing of a particular cause of action, counting from the accrual of the cause of action, and the three years after the removal of disability provided for by statute (Shannon's Code, sec. 4448), in which a person under disability may bring suit, was intended, in a sense, as years of grace, and were not intended to cut down the time fixed by the statute for the particular cause of action to three years after the removal of the disability, regardless of whether the time limited for the particular cause of action had expired or not. (*Post, pp.* 395-403.)

Code construed: Secs. 4448, 4472, 4473 (S.); 3451, 3472, 3473 (M. & V.); 2757, 2775, 2776 (1858).

Cases cited and approved: Haynes v. Jones, 2 Head, 372; Jones v. Preston, 3 Head, 161; Heiskell v. Cobb, 11 Heisk, 644; Patton v. Dixon, 105 Tenn., 99; Demarest v. Wynkoop, 3 Johnson's Chy., 135.

Case overruled on point stated: State v. Parker, 8 Baxt., 495, 498.

2. **SAME. Same.** Action must be brought within three years, when.

But if the time limited for bringing the particular cause of action expires during the disability, then the action must be brought within three years after removal of such disability. (*Post, pp.* 397-402.)

Cases cited and distinguished: Guion v. Anderson, 8 Humph., 298, 326-7; Stevens v. Bomar, 9 Humph., 546; Murdock v. Johnson, 7 Cold., 605; Hanks v. Folsom, 11 Lea, 555.

Jackson v. Crutchfield.

**3. FRAUDULENT CONVEYANCE.** Conveyance by a guardian
    indebted to his ward fraudulent, when.

Where the guardian is indebted to his ward, and makes a volun-
    tary conveyance of his property to a third party, without re-
    taining a sufficient amount to pay the debt, the conveyance
    being voluntary was constructively fraudulent and may be set
    aside and the property subjected to satisfy such indebtedness
    at the suit of the ward.   (*Post, p.* 404.)

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County.
—T. M. M'CONNELL, Chancellor.

SHEPHERD & FRIERSON, for Jackson.

R. D. TWINMAN, C. M. RANKIN and TOMLINSON FORT,
for Crutchfield *et al.*

MR. JUSTICE NEIL delivered the opinion of the Court.

In the aspect in which this case comes before us it is
a bill by a ward against the administrator of his guard-
ian to hold the latter to account for a balance on the
estate not paid over.   The main defense is the statute
of limitations.

The facts on which this question turns are as follows:
The complainant reached his majority on November 11,

1895, something like nine months after the death of the guardian.   The bill in this case was filed three years and eight months after complainant attained his majority, and four years and five months after the death of the guardian.   No administrator had been appointed on the estate of the guardian until, in accordance with the prayer of the bill, an administrator *ad litem* was appointed in the present case.   The court of chancery appeals found that there was a balance due, and rendered judgment therefor, and ordered certain land to be sold to pay the amount adjudged.

The question made upon the statute of limitations arises on a construction of Code 1858, section 2757 (Shannon's Code, section 4448).

That section reads as follows: "If the person entitled to commence an action is, at the time the cause of action accrued, either (1) within the age of twenty-one years, or (2) of unsound mind, or (3) a married woman, or (4) beyond the limits of the United States and the territories thereof, such person, or the [their] representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three years, and in that case within three years from the removal of such disability." Laws 1715, c. 27, sections 4, 9; Laws 1797, c. 43, section 4; Laws 1819, c. 28, section 2; Laws 1823, c. 16, section 1.

It is insisted that, in accordance with this section, the person under disability at the time the cause of action

accrued had only three years in which to sue after the removal of disability, even though the limitation fixed for the particular kind of action in other sections of the Code had not expired when the action was brought.   In other words, it is insisted that, although under section 2775 (Shannon's Code, section 4472) the time of limitation fixed for action against sureties on guardian's bonds is six years, and by section 2776 (Shannon's Code, section 4473) the limitation of an action against the guardian himself is fixed at ten years, yet a person who was under disabilities, as a ward, at the time the cause of action accrued has not the full six years and ten years, respectively, for the bringing of his action, but only three years from the time he arrives at his majority.   So, in the present case, it is insisted that the right of action accrued upon the death of the guardian (*Sanders v. Forgasson,* 3 Baxt., 260), which was during the minority of the complainant; that he had only nine months of the general statute of limitations above referred to (that is, of the six years and of the ten years, respectively, grace) in which to sue between the death of his guardian and the attaining of his own majority; and that thereafter (that is, from the date of attaining his majority) he had only three years in which to bring suit, and did not have the full benefit of the six years and ten years, respectively, and of the three years in addition thereto, or of any part of the said three years in addition, but only the three years.

There are some general expressions in some of our

cases that seem to indicate that a person under disability will have only three years after the removal of that disability in which to sue, irrespective of the time fixed for the particular kind of action in favor of persons in general. These cases are *Guion* v. *Anderson,* 8 Humph., 298, 326, 327; *Murdock* v. *Johnson,* 7 Cold., 605, 619, 620; *Hanks* v. *Folsom,* 11 Lea, 555, 562; *Stevens* v. *Bomar,* 9 Humph., 546, 550. However, in each of these cases it appears from examination that the time fixed by the general statute for the bringing of the action had already expired, and the three years referred to was in addition to that time. The court did not have in mind such a case as the present, wherein it is insisted that the person under disability had only the three years, regardless of the time fixed for the special kind of action by the general statute of limitations.

There is one case, however—*State* v. *Parker,* 8 Baxt., 495, 498—in which the point seems to have been ruled in accordance with the contention of the defendants in the present case. There were several rights of action involved in that case, but the point arose only upon those claimed by Wm. S. Howard, Hester A. Moffit, and Jas. F. Howard. Said the court (page 498): "As to Wm. S., Jas. F., and Hester A., who are minors, the cause of action accrued at the time of the resignation of A. E. Moore as guardian and the appointment of F. M. Snoddy as guardian in his place, which was on the fifth of March, 1866. . . . Wm. S. Howard became of age on the fourteenth of June, 1868, and Hester A. Moffit became of

age on the ninth of December, 1870, and, this action not being commenced within three years after the removal of their disability, the statute is a bar to their recovery; but not so as to the youngest child, James F. Howard, who became of age on the thirteenth of December, 1872."

The action was brought on the twenty-seventh of March, 1874, against W. W. Parker, as surety on the bond of Moore.    By comparing the dates above referred to, it will be seen that from the date of the accrual of the cause of action, March 5, 1866, to the time when suit was brought, March 27, 1874, there had elapsed eight years and twenty-two days.    From the accrual of the cause of action to the majority of William S. Howard on the fourteenth of June, 1868, there had accrued two years, three months, and nine days.    But from the fourteenth of June, 1868, to the bringing of the action there had accrued five years, nine months, and thirteen days.    The six years from the accrual of the cause of action, March 5, 1866, would have brought the time up to March 6, 1872.    So it appears that in this case, as to William S. Howard, the full six years had elapsed from the accrual of the cause of action before suit was brought.    The same is true as to the case of Hester A. Moffit, and also as to the case of James F. Howard; that is to say, six years from the accrual of the cause of action forward carried the date to March 6, 1872, and suit was not brought until the twenty-seventh of March, 1874.    In the meantime, however, William S. Howard had become of age on the fourteenth of June, 1868, and it was held that he was

entitled to only three years from that time which, added to the two years, three months, and nine days, that had elapsed from the accrual of the cause of action to the date of arrival at majority, gave him in the aggregate only five years, three months, and nine days, instead of six years, in which to bring his suit.   Between the accrual of the cause of action and the ninth day of December, 1870, when Hester A. Moffit arrived of age, there elapsed four years, nine months, and seven days, and it was held that she had three years in addition in which to sue, which gave her in the aggregate seven years, nine months, and four days.   There elapsed between the accrual of the cause of action and arrival of age of Jas. F. Howard on the thirteenth day of December, 1872, six years, nine months, and eight days, and it was held that he had, in addition to this, three years in which to sue, and this gave him in the aggregate nine years, nine months, and eight days.   In short, it seems to have been held in that case that a person under disability had only three years in which to sue after the removal of this disability, regardless of the question whether the time had elapsed fixed by the general statute for the particular cause of action.

On the contrary, in the case of *Patton* v. *Dixon,* 105 Tenn., 97, 102, 58 S. W., 299, 300, it is said, though, it seems, only arguendo, that a person under disability would, after the removal of the disability, have three years additional in which to sue, provided the time fixed for the particular form of action (in that case seven

Jackson v. Crutchfield.

years) had elapsed from the accrual of the cause of action (in that case adverse possession), or, to quote the language of the judge who delivered the opinion in that case: "Three years after discoverture would have barred the separate action of the wife, provided the seven years had elapsed from the original adverse possession."

The subject is exceedingly complex, and it is difficult to state a general rule that would cover all cases. We believe, however, that the true principle is laid down in *Demarest* v. *Wynkoop,* 3 Johns. Ch., 135, 8 Am. Dec., 467. That was a bill brought to redeem a mortgage. It appeared that Daniel Ludlow, the defendant, took a deed in fee May 7, 1788, and went into possession. At that time Hannah Demarest, who afterwards sought to redeem, was an infant of the age of seven years, and entitled to all the equities of redemption which she subsequently claimed by her bill. She was of age in 1802, and her bill was not filed until 1815, thirteen years after she arrived at majority. So that not only twenty years had elapsed since the mortgagee went in possession, but ten years since the disability of the infancy had ceased. The court continues: "She had then lost her equity of redemption by the lapse of time. It is true she has not had twenty full years free of disability to redeem, but she has had ten years free of disability, and more than twenty years in the whole have elapsed, and this is all the statute allows. . . . The party has, in every

event, twenty years to make his entry; and, if under disability during any part of that time, he has ten years, and no more, after disability ceases. It may so happen that the twenty years, and more, will elapse during the disability, and then ten years will be afterwards allowed cumulatively; or the disability may cease so far within the period of twenty years as to allow of only twenty years in the whole, though part of that period be covered by the disability."

So, in the present case, we are of the opinion that the complainant was, as to the surety, entitled to the full six years from the date of the accrual of his cause of action; and, as he was carried forward by the operation of the time limited for the cause of action to a period more extended than the three years of grace allowed to a person under disability, the latter period did not apply, but his case was governed by the general statute of limitations of six years. Of course, under the statute, if the six years had expired during his minority, he would have been entitled to three years additional in any event. The same observation to the ten years' statute, *mutatis mutandis.*

Other phases of the matter may arise which we do not undertake to dispose of in this opinion. All we now determine is that, in any event, the person under disability is entitled to the whole of the time limited, for the particular cause of action, counting from the accrual of the cause of action, and that the three years allowed by section 2757 (Shannon's Code, section 4448)

Jackson v. Crutchfield.

were intended as years of grace, in a sense, to a person under disability, and were not intended to cut down the time fixed by the statute for the particular cause of action. Indeed, any other result would seem to be entirely out of harmony with the general spirit of our statutes of limitations. Persons who are under no disabilities whatever have the whole of the six years or ten years as the case may be, in which to sue; and, if they die, their heirs or representatives have the right to sue within that time, thus enjoying in the aggregate the whole of the period. *Haynes* v. *Jones,* 2 Head, 372; *Jones* v. *Preston,* 3 Head, 161; *Heiskell* v. *Cobb,* 11 Heisk., 644. It would, indeed, seem an anomaly if persons under disability did not have at least as much time.

We are of the opinion that the case of *State* v. *Parker,* supra, was erroneously decided in so far as it fixed three years from the date of the removal of the disability as the time within which action might be brought, regardless of whether the time limited for the particular cause of action had expired or not, and to that extent should be overruled. In disposing of the question arising on the statute of limitations in this case we have not considered it necessary to determine the legal effect of the fact that no administrator had been appointed on the estate of the guardian prior to the filing of the bill. We prefer to place the case upon the point previously stated, which was the one presented and discussed in the opinion of the court of chancery appeals and in the briefs of counsel.

Jackson v. Crutchfield.

Another question presented by this record is whether the court of chancery appeals acted correctly in directing the land to be sold for the payment of the debt found to be due. We think there was no error in this action of the court, because it appears that the guardian owed the debt sued for, that the conveyance was voluntary, and it was not shown that enough property was reserved to pay the debt. The conveyance was therefore constructively fraudulent, being voluntary.

It is insisted that the conveyance was made in consideration of an indebtedness which the guardian owed to the father of the vendees, but this is not found as a fact by the court of chancery appeals.

It results that there is no error in the decision of the court of chancery appeals, and it must be affirmed.