STATE of Tennessee, For the Use of Michael Todd BROOKS, a minor, by Bobby BROOKS, his next friend, Plaintiff-Appellee,

v.

Harold R. GUNN, Defendant-Appellant,

v.

WESTERN SURETY COMPANY, Cross-Claimant-Appellee.

Court of Appeals of Tennessee, Western Section, at Jackson.

Jan. 27, 1984.

Application for Permission to Appeal Denied by Supreme Court March 26, 1984.

Harold R. Gunn, pro se.

James D. Todd, Jackson, for plaintiff-appellee.

Charles H. Barnett, Jackson, for cross-claimant-appellee.

NEARN, Presiding Judge, Western Section.

Harold R. Gunn, attorney of the Madison County Bar has appealed from the judgments of the Chancery Court of Madison County; one in the amount of $9,053.00 representing attorney fees paid to him by Patricia Ann Brooks, the former guardian of Michael Todd Brooks, and another for $5,000.00 in favor of Western Surety Company.

Suit was filed to remove Patricia Ann Brooks as guardian on March 21, 1978, and she was removed on December 26, 1979, and Bobby Brooks was appointed as guardian in her stead. After a guardian's accounting was filed, the original complaint was amended to bring in as defendants Western Surety Company, the surety on the original guardian's bond and Harold Gunn, the attorney for the former guardian. This amendment was filed on July 11, 1980. Western Surety cross filed against the original guardian and Gunn for indemnity for any judgment entered. Judgment was entered against the former guardian, Patricia Ann Brooks in the amount of $17,-160.56. No appeal has been taken by Patricia Ann Brooks from this judgment. With approval of the Court a compromise judgment in the amount of $5,000.00 was entered into between the new guardian and Western Surety Company. The proceedings on the entry of the compromise judgment or the basis for it are not before the Court. In view of the fact that judgment was entered against the guardian in the amount of $17,160.56 for her defalcations and Western was surety in the amount of $10,000.00 in the event of such defalcation, we are somewhat puzzled as to the reasons that could exist that would warrant a settlement in the amount of $5,000.00 on a $10,000.00 surety bond. However, that question is not before us on appeal and even if it was, without a transcript of those proceedings we must presume there was proof adduced to warrant such settlement.

Gunn filed a motion for summary judgment in his favor which was denied. The new guardian and Western filed motions for summary judgment against the old guardian and Gunn which motions were granted. The summary judgment in favor of the new guardian against Gunn was in the amount of $9,053.00 for attorney fees paid to him by the old guardian as aforesaid. As a result of Western's motion for summary judgment a joint and several judgment in the amount of $5,000.00 against both Patricia Ann Brooks and Gunn was entered. Patricia Ann Brooks does not appeal from the Western judgment. Only Gunn has appealed therefrom. Accordingly, we will consider it only as it affects him.

Appellant raises only two issues on appeal which are:

1. The Trial Judge erred by overruling the Motion to Dismiss filed by added defendant Harold R. Gunn.

2. The Trial Judge erred by sustaining the Motions for Summary Judgments filed by Appellees.

As now may be seen, only the issue of the summary judgments is raised on appeal and we will consider none of that which preceded them.

Appellant's motion for summary judgment, the denial of which is the first issue presented, was based on a plea of the statute of limitations. T.C.A. § 28-3-104[1]. It

---

1. 28-3-104. Personal tort actions.—(a) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage prom-

ise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought

was and is the argument of appellant that since he was not brought into the action until more than two years after the original complaint was filed, the one year limitation provided by the statute had clearly run when he was named as a defendant. We are cited to several cases, e.g. *Norton v. Standard Coosa-Thatcher Company*, (1958) 203 Tenn. 649, 315 S.W.2d 245, which discuss and set forth certain principals regarding the relating back in time of amendments, vis a vis statutes of limitations. We do not perceive that any of those cases are pertinent to this one. Those cited cases deal with the problems presented when a statute of limitations has run between the time of the filing of the original action and the time of the filing of the amendment. T.C.A. § 28-1-106 provides that:

28-1-106. Persons under disability on accrual of right.—If the person entitled to commence an action is, at the time the cause of action accrued, either within the age of eighteen (18) years, or of unsound mind, such person, or his representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three (3) years, and in that case within three (3) years from the removal of such disability.

■ Under the holding in *Hale v. Ellison*, (1900 Tenn.Ch.App.) 59 S.W. 673, the statute of limitations in a situation as this has not begun to run against the minor. If the statute has not run as to the minor's claim, *a fortiori*, it has not run against his present guardian.

Accordingly, the statute of limitations provided in T.C.A. § 28-3-104 has yet to run against Gunn and his motion for summary judgment in his favor based on the statute of limitations was meritless. Therefore, the first issue is also without merit.

■ Gunn's argument on the second issue is that the $9,053.00 judgment against him was improper as there are present material disputed issues of fact on that point and accordingly summary judgment was improper. No such issues are pointed out to us in the brief and our examination of the deposition of Gunn reveals none. Gunn's deposition reveals that the father of the minor was killed in an accident and left a $27,000.00 insurance policy naming the minor as beneficiary. There was absolutely no dispute over whether the funds were owed to the minor. Gunn's services were engaged to write to the insurance company, sending appropriate proof of death, and requesting payment. This he did and the insurance company complied by paying the proceeds to the first guardian for the benefit of the minor. For his services Gunn charged a fee of one-third of the policy amount, which came to the sum of $9,053.00 and which sum was paid to Gunn by the first guardian. It is an understatement to say that such charge is totally outrageous and unconscionable. Further, under those admitted undisputed facts it would have been improper for a Chancellor not to order him to pay it back. There was no error in entering summary judgment against Gunn for $9,053.00.

■ As to the summary judgment against Gunn in favor of Western for the additional amount of $5,000.00, appellant insists that there is no basis in law or equity for such judgment. In this insistence there is merit.

It should be noted that there never has been any contractual relationship between Gunn and Western. The only claim that Western would have against Gunn would be based in subrogation, that is, Western, upon payment of the surety bond due because of the defalcations of Patricia Ann Brooks, it would be subrogated to her rights or claims against Gunn. See *Adams v. Gleaves* (1882) 78 Tenn. 367. The payment of the $9,053.00 judgment by Gunn would inure to the benefit of Western unless the compromise settlement agreement between the new guardian and Western

under the federal civil rights statutes, and actions for statutory penalties shall be commenced within one (1) year after cause of action accrued.

provides otherwise. Even if it does, that agreement cannot effect Gunn. Total judgments have been entered against Gunn for $14,053.00. The fee he received and was by judgment ordered to return was in the amount of $9,053.00. We find no basis for an additional judgment against him for an additional $5,000.00. Furthermore, the first guardian's misappropriation from the estate was in the amount of $17,160.56. Of this sum Western was surety for $10,-000.00 which obligation it settled for $5,000.00. Does that settled sum represent a part of the $9,053.00 or does it represent part of the $17,160.56 owed by the first guardian? If Western desired to take one position over the other, the settlement should have been so allocated. See *Yancey v. Utilities Insurance Company,* (1939 W.S.) 23 Tenn.App. 663, 137 S.W.2d 318, *cert. denied.* Other than the fact that Gunn is not liable under this record for the other defalcation of the first guardian, to allow the $5,000.00 judgment to stand would possibly, under the terms of a bond, place Western in the position, if Gunn pays the $9,053.00 judgment to the estate, of being entitled to reimbursement from the minor's estate of its $5,000.00 already paid and then be entitled to collect an additional sum of $5,000.00 from Gunn under its summary judgment against him. If we were to include the $5,000.00 in the $9,053.00 judgment, the result would be that the estate would receive only $4,053.00. The summary judgment for $5,000.00, if permitted to stand, will result in an absolute windfall to Western, if not a handsome profit. Therefore, the summary judgment in favor of Western as to Gunn is set aside.

The result is that the judgment against Gunn in favor of the second guardian is affirmed and the judgment in favor of Western is reversed as to Gunn only.

The cause is remanded for collection of the judgment with costs of appeal divided between Gunn and Western.

Done at Jackson in the two hundred and eighth year of our Independence and in the one hundred and eighty-eighth year of our Statehood.

CRAWFORD and HIGHERS, JJ., concur.