Terry SULLIVAN ex rel. WRONGFUL
DEATH BENEFICIARIES OF
Charlie SULLIVAN

v.

CHATTANOOGA MEDICAL
INVESTORS, LP, et al.

Supreme Court of Tennessee,
at Nashville.

Feb. 1, 2007 Session.

April 24, 2007.

Thomas O. Helton, Christy Tosh Crider, and John Michael Phillips, Nashville, Tennessee, for the appellants, Chattanooga Medical Investors, LP, and Life Care Centers of America, Inc.

Richard E. Circeo, and Carey L. Acerra, Nashville, Tennessee, and Brian G. Brooks, Greenbrier, Arkansas, for the appellee, Terry Sullivan, Administrator of the Estate of Charlie Sullivan.

## OPINION

WILLIAM M. BARKER, C.J., delivered the opinion of the court, in which JANICE M. HOLDER, CORNELIA A. CLARK, and GARY R. WADE, JJ., joined.

A representative of the deceased filed a complaint against the owners of a nursing home alleging acts of negligence and abuse. The trial court granted summary judgment to the nursing home, ruling that the claims were time-barred by the one-year statute of limitations, which was not tolled by the deceased's mental incompetency because the deceased had previously granted a durable power of attorney to his son. The Court of Appeals reversed the judgment of the trial court and remanded

for further proceedings. We affirm the judgment of the Court of Appeals.

## I. Facts and Procedural History

On February 4, 1997, Charlie Sullivan granted a durable power of attorney to his son, Terry Sullivan. The power of attorney document stated in part that "[m]y attorney-in-fact shall act in my name, place and stead in any way to which I myself could do, if I were personally present, with respect to ... claims and litigation." The document also stated that the power of attorney "shall not be affected by the subsequent disability or incompetence of the grantor." The power of attorney document was drafted by Terry Sullivan, who testified that he believed that his father needed some help dealing with "insurance companies, doctor bills, [and other] thing[s] of that nature."

From April 19, 2001, until August 11, 2001, Charlie Sullivan was a resident of Centerville Health Care Center, which was owned and operated by Chattanooga Medical Investors, LP, and managed by Life Care Centers of America, Inc. (collectively referred to as "Centerville Health Care"). It is uncontested that during Charlie Sullivan's residency at Centerville Health Care, he was mentally incapacitated. On August 11, 2001, Charlie Sullivan was removed from Centerville Health Care because his family was concerned that he was receiving inadequate care. Charlie Sullivan passed away on November 26, 2001.

On November 19, 2002, Terry Sullivan, as the administrator of Charlie Sullivan's estate, filed a complaint on behalf of the deceased's beneficiaries against Centerville Health Care. The complaint alleged various counts of negligence and alleged that those acts of negligence caused the deceased pain and suffering and ultimately led to his death. The complaint was filed over a year after the deceased left the care of Centerville Health Care but within a year of his death.

The trial court granted summary judgment to Centerville Health Care. The trial court ruled that the claims were barred by the one-year statute of limitations, Tenn. Code Ann. § 28–3–104(a)(1) (2000), and that the statute of limitations was not tolled by Charlie Sullivan's mental incompetency because he had granted a durable power of attorney while competent, *see* Tenn.Code Ann. § 28–1–106 (2000). The Court of Appeals reversed the trial court and remanded the case, holding that the existence of the durable power of attorney did not affect the tolling of the statute of limitations. We affirm the judgment of the Court of Appeals.

## II. Standard of Review

■■■ Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. An appeal from a summary judgment presents a pure question of law. We review questions of law de novo without a presumption of correctness as to the trial court's judgment. *Perrin v. Gaylord Entm't Co.*, 120 S.W.3d 823, 826 (Tenn.2003).

## III. Analysis

The statute of limitations for personal injuries, including wrongful death actions, is governed by Tennessee Code Annotated 28–3–104(a)(1), which provides that the action shall be commenced within one year after it has accrued. *See Collier v. Memphis, Light, Gas & Water Div.*, 657 S.W.2d 771, 774 (Tenn.Ct.App.1983) (citing *Jones v. Black*, 539 S.W.2d 123, 126 (Tenn.1976)). The complaint against Centerville Health

Care was filed over a year after Charlie Sullivan was transferred from Centerville Health Care. Therefore, unless the statute of limitations was tolled, the claims against Centerville Health Care are time-barred.

■ Tennessee Code Annotated section 28–1–106 (the "Tolling Statute") provides the following:

> If the person entitled to commence an action is, at the time the action accrued, either under the age of eighteen (18) years, or of unsound mind, such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability.

The purpose of the statute is "to declare that statutes of limitation do not begin to run until a person's disability is removed." *Arnold v. Davis,* 503 S.W.2d 100, 102 (Tenn.1973). Applying section 28–1–106, the Court of Appeals held that the statute of limitations was tolled due to Charlie Sullivan's mental incapacity during the time that he was in the care of Centerville Health Care and until his death. *See Abels ex rel. Hunt v. Genie Indus., Inc.,* 202 S.W.3d 99, 105 (Tenn.2006) ("The disability of unsound mind is removed when the individual is no longer of unsound mind, due to either a change in the individual's condition or the individual's death.").

Centerville Health Care makes two arguments as to why the actions brought against it in this case should not be tolled. First, Centerville Health Care argues that the Tolling Statute is triggered only when "the person entitled to commence an action" is of unsound mind. Terry Sullivan held a durable power of attorney for Charlie Sullivan, which gave him the authority to bring claims and litigation on Charlie

Sullivan's behalf. Consequently, Centerville Health Care argues that in this case, "the person entitled to commence [the] action" was Terrry Sullivan. And because Terry Sullivan was mentally competent during all relevant times, the statute of limitations was not tolled. Second, Centerville Health Care argues that for the purposes of the Tolling Statute the existence of a durable power of attorney removed Charlie Sullivan's disability.

### 1. Person Entitled to Commence an Action

■ Centerville Health Care's first argument is that the Tolling Statute does not apply in this case because "the person entitled to commence [the] action" was Terry Sullivan, who was mentally competent during all relevant times. After examining the language of the statute and the relevant case law, we conclude that Terry Sullivan is not "the person entitled to commence an action" within the meaning of the Tolling Statute.

■ Tennessee Code Annotated section 28–1–106 provides that if "the person entitled to commence [the] action" is a minor or of unsound mind, such a person or such a person's "representatives and privies" may bring the action within the time of limitation after the disability is removed. The person *"entitled to commence an action"* is more than just a person who has the authority to bring an action. The term clearly refers to the person who is under the disability, who suffered the legal wrong, and to whom the claim belongs. In this case, that person is Charlie Sullivan because it is Charlie Sullivan, and not Terry Sullivan, who suffered the alleged negligent treatment at the hands of Centerville Health Care.

More particularly, Centerville Health Care's position is irreconcilable with the

"representatives and privies" language in section 28–1–106. If the Tolling Statute were inapplicable anytime that there existed someone who had the authority to bring suit for the person under a disability, there would be no reason for the statute to provide that a suit may be commenced by a "person's representatives and privies." According to the argument advanced by Centerville Health Care, this language would be rendered meaningless because the existence of any representative, whether it be a guardian, a conservator, a next friend, or an attorney in fact, would remove the protection of the Tolling Statute. *See Culbreath v. First Tenn. Bank Nat'l Ass'n,* 44 S.W.3d 518, 524 (Tenn.2001) ("[W]e must interpret the statute 'as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.'") (quoting *Cafarelli v. Yancy,* 226 F.3d 492, 499 (6th Cir.2000)).

If we were to construe the language in the Tolling Statute—"the person entitled to commence an action"—to include anyone with the authority to commence an action, the Tolling Statute would never apply in any case when a person is deemed to have the authority to act for someone who is disabled because of age or unsound mind. Such a construction would conflict not only with the purpose of the statute but also with our previous jurisprudence, holding that the appointment of a guardian or conservator does not affect the tolling of a statute of limitations. *See Abels ex rel. Hunt v. Genie Indus., Inc.,* 202 S.W.3d 99, 103 (Tenn.2006). In addition, all minors have some person, either a guardian or a parent or a next friend, who has the authority to file a lawsuit on their behalf. It is our opinion, therefore, that "the person entitled to commence an action," refers to the person who suffered the legal wrong or to whom the claim belongs. Accordingly, we hold that the statute of limitations is tolled for purposes of the Tolling Statute for so long as the person to whom the claim belongs is under a disability because of age or unsound mind.

In an uninterrupted line of cases, Tennessee courts have held in similar situations to the case at bar that the statute of limitations does not run against persons who are protected by the Tolling Statute, even when there exists someone who has the authority to bring suit. In *Thompson v. Cincinnati, New Orleans & Tex. Pac. Ry. Co.,* 109 Tenn. 268, 70 S.W. 612 (1902), under an earlier version of the Tolling Statute, which also tolled the statute of limitations for a married woman, we held that the applicable statute of limitations did not run against a married woman despite the fact that her husband had the authority to bring suit on her behalf. *Id.* at 614. We reasoned that the suit belonged to the wife and not to the husband, who independently had no right of action. *Id.* at 613.

In *State ex rel. Brooks v. Gunn,* 667 S.W.2d 499 (Tenn.Ct.App.1984), our Court of Appeals held that a minor's action was not barred by the statute of limitations after two years even though a legal guardian had been appointed for the minor. *Id.* at 501. The court explained that "[i]f the statute has not run as to the minor's claim, *a fortiori,* it has not run against his present guardian." *Id.; see also Hale v. Ellison,* 59 S.W. 673 (Tenn.Ch.App.1900) (reasoning that the "ward is the owner and the guardian is the mere custodian" of the action).

In *Abels,* we reviewed these cases and concluded that:

> The import of both of these cases is that the cause of action remains personal to the plaintiff insofar as the running

of the statute of limitations is concerned. That is, the statute of limitations either runs or is tolled depending upon the status of the plaintiff, irrespective of whether a legal guardian exists. *If the plaintiff is under some form of legally recognized disability which tolls the statute of limitations, the statute of limitations remains tolled despite the possibility that some representative could bring the action on the plaintiff's behalf.* 202 S.W.3d at 103 (emphasis added); *see also Freeman v. Alex Brown & Sons, Inc.,* 73 F.3d 279, 282 (10th Cir.1996) (holding that, under Oklahoma law, "the tolling statute preserves a legally-disabled person's cause of action regardless of whether he is represented by a guardian who might otherwise bring the action within the normal limitation period").

■ Although Terry Sullivan was *a* person who had the authority to commence the action by virtue of the durable power of attorney, Terry Sullivan was not *the* "person entitled to commence [the] action" within the meaning of the Tolling Statute. In Tennessee, a wrongful death action belongs to the deceased person and not to his survivors. *See Lynn v. City of Jackson,* 63 S.W.3d 332, 335 (Tenn.2001) (recognizing that the Tennessee "wrongful death statute does not create a new cause of action in the beneficiaries"); *Jones v. Black,* 539 S.W.2d 123, 124–25 (Tenn.1976) (affirming that in a wrongful death action, there is only one right of action, and it belongs to the deceased). The only "person entitled to commence an action" in this case was Charlie Sullivan, the person who owned the claim. Because Charlie Sullivan was mentally incapacitated while he was a resident at Centerville Health Care, the statute of limitations remained tolled until the disability was removed. *See Abels,* 202 S.W.3d at 103 ("[T]he statute of limitations remains tolled despite the pos-

sibility that some representative could bring the action on the plaintiff's behalf.").

### 2. Removal of the Disability

■ Centerville Health Care's second argument is that even if the Tolling Statute applies to Charlie Sullivan, it did not operate in this case to toll the statute of limitations because Charlie Sullivan's disability was removed at all times by the existence of the durable power of attorney. According to Centerville Health Care, the language in the Uniform Durable Power of Attorney Act ("UDPAA") evidences an intent to remove the protection of the Tolling Statute for disabled persons, when a person before becoming disabled grants a durable power of attorney.

■ This issue requires us to construe two statutes: Tennessee Code Annotated sections 28–1–106 (2000) (the Tolling Statute) and 34–6–103 (2001) (the UDPAA). The most basic rule of statutory construction is "to ascertain and give effect to the intention and purpose of the legislature." *Carson Creek Vacation Resorts, Inc. v. Tenn. Dep't of Revenue,* 865 S.W.2d 1, 2 (Tenn.1993). "The legislative intent and purpose are to be ascertained primarily from the natural and ordinary meaning of the statutory language...." *State v. Blackstock,* 19 S.W.3d 200, 210 (Tenn. 2000). However, if the legislative intent is not clear from the wording of the statute, "recourse may be had to considerations of public policy and to the established policy of the Legislature as evidenced by a general course of legislation." *Cronin v. Howe,* 906 S.W.2d 910, 912 (Tenn.1995) (citing *Woodroof v. City of Nashville,* 183 Tenn. 483, 192 S.W.2d 1013, 1015 (1946)).

■ We are also guided by the principle that in construing statutes, "the Legislature is presumed to have knowledge of its prior enactments and to know the state of the law at the time it passes

the legislation." *Wilson v. Johnson County,* 879 S.W.2d 807, 810 (Tenn.1994). Therefore, in resolving potential conflicts between statutes, courts must seek a " 'reasonable construction which avoids statutory conflict and provides for harmonious operation of the laws.' " *LensCrafters, Inc. v. Sundquist,* 33 S.W.3d 772, 777 (Tenn.2000) (quoting *Carver v. Citizen Utils. Co.,* 954 S.W.2d 34, 35 (Tenn.1997)). "Repeals by implication are not favored . . . and will be recognized only when no fair and reasonable construction will permit the statutes to stand together." *Cronin,* 906 S.W.2d at 912.

■ A disability may be removed by death, recovery of sound mind, reaching the age of majority, or by acts of the Tennessee General Assembly. *See Arnold v. Davis,* 503 S.W.2d 100, 102 (Tenn.1973) (noting that passage of the Legal Responsibility Act of 1971, which lowered the age of majority from twenty-one to eighteen, removed the disability of minority from all individuals between eighteen and twenty-one). Centerville Health Care argues that with the passage of the UDPAA, the General Assembly provided a way for the disability of unsound mind to be removed. According to Centerville Health Care, the intent of the legislature is evidenced by the language in section 34–6–103, which provides the following:

> All acts done by an attorney in fact pursuant to a durable power of attorney during any period of disability or incapacity of the principal have the same effect and inure to the benefit of and bind the principal and the principal's successor in interest *as if the principal were competent and not disabled.*

Tenn.Code Ann. § 34–6–103 (2001) (emphasis added).

Section 34–6–103 was not intended to remove the protection afforded to persons with disabilities under Tennessee Code Annotated section 28–1–106. We must presume in enacting section 34–6–103 of the UDPAA that the legislature was aware of the Tolling Statute. *See Wilson,* 879 S.W.2d at 810. Yet, the legislature failed to provide that section 34–6–103 should remove the disability of a person under section 28–1–106. Neither the UDPAA or the Tolling Statute contains any language which would lead us to conclude that the legislature intended to remove the disability of unsound mind upon the granting of a power of attorney.[1] As in *Abels,* we conclude: "Had the General Assembly intended to include such a provision, it could have done so. This Court is not inclined to read non-existent provisions into a statute." 202 S.W.3d at 105; *see also Cronin,* 906 S.W.2d at 912 ("Repeals by implication are not favored . . . .").

The Tolling Statute is the more specific statute in this case, and, therefore, it controls over the more general provision of the UDPAA. *See Cooper v. Alcohol Comm'n of Memphis,* 745 S.W.2d 278, 280 (Tenn.1988); *First Am. Nat'l Bank of Knoxville v. Olsen,* 751 S.W.2d 417, 419 (Tenn.1987) ("The tax exemption provided by these sections, being specific, controls the general excise tax statutes . . . ."); *Wade v. Madding,* 161 Tenn. 88, 28 S.W.2d 642, 649 (1930) (" 'Specific provisions relating to a particular subject must govern in respect to that subject, as against general provisions in other parts of the law which otherwise might be broad enough to include it.' ") (citation omitted). The Tolling Statute provides specifically that when "the person entitled to commence an ac-

---

**1.** Other state legislatures have provided explicit exceptions to their disability tolling statutes. *See Weaver v. Edwin Shaw Hosp.,* 104 Ohio St.3d 390, 819 N.E.2d 1079, 1086–87 (2004) (listing states).

tion" is of unsound mind, the statute of limitations is tolled until the disability is removed. The relevant section of the UDPAA gives an attorney in fact the broad power and authority to act for a person who becomes disabled or incapacitated.

The meaning of section 34–4–103 becomes clearer when the history of the UDPAA is considered. Prior to 1983, an individual could authorize another to act on his behalf by granting a power of attorney, but that authority terminated if the grantor became incapacitated. *See McGauley v. Wallace*, No. 619, 1988 WL 47785, at *5 (Tenn.Ct.App. May 12, 1988). When the legislature passed the UDPAA, it gave Tennesseans the ability to grant a power of attorney that remained enforceable during any period of disability or incapacity. This explains why the UDPAA provides that "all acts done by an attorney in fact ... during any period of disability" shall bind the principal "as if the principal were competent and not disabled." The intent of this language was to give the citizens of Tennessee the statutory authority to create a durable power of attorney. The statute does not refer to and was not intended to override the protections afforded to persons with disabilities under the Tolling Statute..

Our decision that the granting of a durable power of attorney does not remove a disability for the purpose of the Tolling Statute is supported not only by our case law but also by the majority of states that have considered a similar issue: Whether the appointment of a guardian removes a disability under a tolling statute. *See Abels*, 202 S.W.3d at 103–05 (listing other jurisdictions that have concluded that appointment of a guardian has no effect on the tolling of the statute of limitations). This rule is well-established in Tennessee. In *State ex rel. Heirs of Howard v. Parker*, 67 Tenn. 495 (1875), *overruled on other*

*grounds by Jackson v. Crutchfield*, 111 Tenn. 394, 77 S.W. 776, 778 (1903), we held that the appointment of a guardian did not affect the tolling of the statute of limitations. *Id.* at 498; *see also Henley v. Robb*, 86 Tenn. 474, 7 S.W. 190, 193 (1888) (holding that the appointment of a guardian did not remove protection of the tolling statute because claim resided in the claimant, not his guardian); *State ex rel. Brooks v. Gunn*, 667 S.W.2d 499, 501 (Tenn.Ct.App. 1984).

In *Abels*, we rejected the defendant's argument that the appointment of a legal guardian removes an injured person's disability of "unsound mind" under Tennessee Code Annotated section 28–1–106. 202 S.W.3d at 102. We held that the "disability of unsound mind ... is not removed when the disabled person's representative is appointed and/or accepts responsibility for the disabled person's tort claims. Rather, the tolling of the statute of limitations continues until the disabled person's mind becomes 'sound,' or the person dies." *Id.* at 105.

Applying the same reasoning in this case, we reject Centerville Health Care's argument that Charlie Sullivan's execution of a durable power of attorney to Terry Sullivan prior to his mental incapacitation removed his disability of "unsound mind" within the meaning of the Tolling Statute. We hold that Charlie Sullivan's disability continued until his death and was uninterrupted by the existence of a durable power of attorney.

Furthermore, our decision is supported by the public policy of this State, evidenced by Tennessee Code Annotated section 28–1–106. *See Cronin*, 906 S.W.2d at 912 (stating that if the intent of the legislature is unclear from the language in the statute, recourse may be had to considerations of public policy). Section 28–1–106 reflects the choice by the legislature that

justice would not be served by barring an individual from pursuing a claim when he cannot by his own actions comply with the statute's time limit for bringing his suit. *See Arnold,* 503 S.W.2d at 102.

### IV. Conclusion

We hold that the claims against Chattanooga Medical Investors, LP, and Life Care Centers of America, Inc., are not barred by the one-year statute of limitations because the statute of limitations was tolled by Tennessee Code Annotated section 28–1–106. We also hold that the existence of a durable power of attorney does not remove the protection afforded by section 28–1–106. The judgment of the Court of Appeals is affirmed. This case is remanded for further proceedings consistent with this opinion.

Costs in this case are taxed to the appellants, Chattanooga Medical Investors, LP, and Life Care Centers of America, Inc., and their sureties, for which execution may issue if necessary.