IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 11, 2022 Session

## CORTREASE TATE, ET AL. v. SHELBY COUNTY BOARD OF EDUCATION

**Appeal from the Circuit Court for Shelby County**
**No. CT-1282-19      James F. Russell, Judge**

———————————————————

**No. W2020-01639-COA-R3-CV**

———————————————————

This appeal involves an action resulting from an alleged assault on a minor by a substitute teacher employed by the Shelby County Board of Education. The trial court granted Shelby County's motion to dismiss the complaint for the plaintiff's failure to comply with Tennessee Rules of Civil Procedure 3 and 4.03 regarding process and service of process. The plaintiff appeals. We reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON, II, J., joined.

Ashley Satterfield, Memphis, Tennessee, for the appellant, Cortrease Tate on behalf of her minor son, Tyler Tate, and individually.

Melisa Moore and Lani D. Lester, Memphis, Tennessee, for the appellee, Shelby County Board of Education.

## OPINION

### I.      FACTS & PROCEDURAL HISTORY

On March 26, 2018, a substitute teacher employed by Shelby County Board of Education ("Shelby County") allegedly assaulted Tyler Tate, a minor, for using inappropriate language in her classroom at Evans Elementary School. Ms. Cortrease Tate, on behalf of her minor son and individually, filed a complaint against Shelby County on March 25, 2019, in which she alleged negligence, respondeat superior, battery and assault,

and negligent infliction of emotional distress. That same day, the initial summons was issued. According to the server's return, dated June 12, 2020, the summons was not served and Shelby County was "not to be found . . . after a diligent search and inquiry." As a result, an alias summons[1] was issued on June 12, 2020, and Shelby County was served on June 24, 2020. The return of service of summons was filed on July 1, 2020.

In August 2020, Shelby County filed a motion to dismiss the complaint for insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, and failure to state a claim for which relief may be granted. In support of its motion, Shelby County argued that the alias summons was ineffective because it was issued outside the time for issuance of process, which therefore rendered service insufficient. Furthermore, Shelby County argued that the trial court lacked personal jurisdiction over Shelby County absent sufficient service and that the claims were barred by the statute of limitations. In September 2020, Ms. Tate filed a response in opposition to Shelby County's motion. Afterward, Shelby County filed a reply in support of its motion.

In October 2020, the trial court held a hearing on the motion to dismiss. Following this hearing, the trial court entered its final order on November 12, 2020. Pursuant to Tennessee Rule of Civil Procedure 12.02, the trial court granted Shelby County's motion to dismiss the complaint for failure to accomplish service within the time prescribed by the Tennessee Rules of Civil Procedure. Citing to *McNeary v. Baptist Mem'l Hosp.*, 360 S.W.3d 429, 438 (Tenn. Ct. App. 2011), the trial court held that compliance with the Tennessee Rules of Civil Procedure is mandatory, regardless of age. The trial court found that Ms. Tate failed to comply with Tennessee Rules of Civil Procedure 3 and 4.03 regarding process and service of process. Thus, the trial court concluded that the filing of the complaint did not toll the statute of limitations. Thereafter, Ms. Tate timely filed a notice of appeal.

## II.   ISSUES PRESENTED

Ms. Tate presents the following issue for review on appeal, which we have slightly restated:

1. Whether the trial court erred when it granted Shelby County's motion to dismiss for insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, and failure to state a claim for which relief may be granted.

Shelby County presents the following issues for review on appeal, which we have slightly restated:

---

[1] "An alias summons is '[a] second summons issued after the original summons has failed for some reason.'" *Meersman v. Regions Morgan Keegan Tr.*, No. M2017-02043-COA-R3-CV, 2018 WL 4896660, at *1 n.6 (Tenn. Ct. App. Oct. 9, 2018) (quoting *Summons*, Black's Law Dictionary 10th ed. 2014).

1. Whether the trial court properly dismissed the complaint for insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, and failure to state a claim where Ms. Tate failed to accomplish service within the time prescribed by Tennessee Rules of Civil Procedure 3 and 4; and

2. Whether the trial court properly held that the statute of limitations is not tolled for a minor under Tennessee Code Annotated section 28-1-106(c)(2) where an individual possesses the right to bring suit on the minor's behalf and institutes such an action, but fails to comply with the Tennessee Rules of Civil Procedure governing service of process.

For the following reasons, we reverse the decision of the trial court and remand for further proceedings.

### III. STANDARD OF REVIEW

We review a trial court's grant of a motion to dismiss de novo with no presumption of correctness. *Hamilton v. Abercrombie Radiological Consultants, Inc.*, 487 S.W.3d 114, 117 (Tenn. Ct. App. 2014). The issues on appeal also require this Court to interpret Tennessee Rules of Civil Procedure 3 and 4.03. "Interpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness." *Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013) (citing *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004)). "Although the rules of civil procedure are not statutes, the same rules of statutory construction apply in the interpretation of rules." *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009).

### IV. DISCUSSION

#### A. Tennessee Rules of Civil Procedure 3 and 4

On appeal, Ms. Tate challenges whether the trial court erred when it granted Shelby County's motion to dismiss for failure to accomplish service within the time prescribed by Tennessee Rules of Civil Procedure 3 and 4. "The Tennessee Rules of Civil Procedure authorize dismissal of all or part of a complaint based upon the defenses of lack of jurisdiction over the parties, insufficiency of process, and insufficiency of service of process." *McNeary*, 360 S.W.3d at 436 (citing Tenn. R. Civ. P. 12.02(2), 12.02(4), and 12.02(5)). Accordingly, we begin our discussion with Tennessee Rules of Civil Procedure 3 and 4. Tennessee Rule of Civil Procedure 3 provides that:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not

issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3. Furthermore, Tennessee Rule of Civil Procedure 4 provides the requirements necessary to effect proper service of process. Tenn. R. Civ. P. 4. Specifically, Rule 4.03(1) provides:

The person serving the summons shall promptly make proof of service to the court and shall identify the person served and shall describe the manner of service. If a summons is not served within 90 days after its issuance, it shall be returned stating the reasons for failure to serve. The plaintiff may obtain new summonses from time to time, as provided in Rule 3, if any prior summons has been returned unserved or if any prior summons has not been served within 90 days of issuance.

Tenn. R. Civ. P. 4.03(1). We have recognized that these two rules should be read together. *McNeary*, 360 S.W.3d at 437 (citing *Richards v. Newby*, Shelby Law No. 20, 23583, 1991 WL 163541, at *3 (Tenn. Ct. App. Aug. 27, 1991)). We have also explained that "the term 'process' in Rule 3 refers to a summons, and the word 'summons' in Rule 4 is the process in Rule 3." *Richards*, 1991 WL 163541, at *3. In *First Tenn. Bank, N.A. v. Dougherty*, 963 S.W. 507, 509 (Tenn. Ct. App. 1997), we attempted to reconcile these two rules opining that "Rules 3 and 4 address differing concepts" but are "not inconsistent in any way."[2] We explained that:

Rule 3 is directed toward commencement of actions; when the commencement tolls the statute of limitations; and the circumstances under which the plaintiff may prevent the statute of limitations from running. The provisions of Rule 3 are clear and unambiguous. Giving the words their natural meaning, if process is not returned within 30 days from issuance, *regardless of the reason* the plaintiff *cannot rely upon the original commencement to toll the running of the statute of limitations*.

*Id.* We further explained that:

---

[2] Because *Dougherty* predates amendments to the rules, "the current version of Rule 3 differs substantially from the pre-1998 version of the rule . . . ." *Fair*, 418 S.W.3d at 545. Therefore, we note that the time for service of a summons was increased to 90 days in 2005. *See* Tenn. R. Civ. P. 3, Advisory Commission Comment to 2005 Amendment ("The amendment to the final sentence [of Rule 3] mirrors an amendment to Rule 4.03 increasing time for service of a summons from 30 to 90 days.").

Rule 4 addresses the way and manner and by whom process may be served. It seems abundantly clear that if process is served and proper return is made as provided in Rule 4, the process possesses the necessary validity to bring the person served before the court *for jurisdictional purposes*. Process may be valid under Rule 4, but still insufficient to toll the statute of limitations as provided by Rule 3. Rule 4 is in no way intended to toll the statute of limitations.

*Id.* at 509-10 (emphasis added). This Court concluded in *Dougherty* that "even if service is complete and valid under Rule 4, if the requirements of Rule 3 have not been met, the statute of limitations is not tolled." *Id.* at 510.

By reading these two rules together, we understand that Rule 4 provides 90 days to serve process after its issuance, but if process is not served, it must be returned stating the reasons for failure to serve. *McNeary*, 360 S.W.3d at 437. Rule 3 then requires that the plaintiff reissue process within either one year from the previous issuance, or one year from the filing of the complaint if summons was not issued when the complaint was filed. *Id.* The consequence for failing to adhere to the directive in Rule 3 is that the plaintiff can no longer rely upon the original commencement to toll the running of the statute of limitations. *See* Tenn. R. Civ. P. 3. The correlation between these two rules has been further explained as follows:

As a general rule, civil actions in circuit court are commenced by filing a complaint with the clerk of the circuit court, regardless of whether process has been issued, served, or returned. If, however, process remains unissued for [90] days or is not served within [90] days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of the statute of limitations unless the plaintiff continues the action by obtaining the issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

While commencement of an action is not dependent upon whether process is issued, served, or returned, the Rules provide that a summons will forthwith issue for service upon the filing of a complaint.

*McNeary*, 360 S.W.3d at 437-38 (quoting 1 Lawrence A. Pivnick, *Tenn. Cir. Ct. Prac.*, § 1:21 (2011 ed.)) (footnotes omitted). We note that corrections were made above to account for the 2005 amendments to Rules 3 and 4 that changed the former 30-day period for service of process to 90 days. *McNeary*, 360 S.W.3d at 437 n.4.

Therefore, the purpose of Rule 4 does not serve to toll the statute of limitations;

rather, it is a means by which a court acquires personal jurisdiction over a defendant. *Id.* at 436 ("A court acquires personal jurisdiction over a defendant when the defendant is served with process."); *see Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *accord Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45, 66 S.Ct. 242, 90 L.Ed. 185 (1946). Furthermore, the commencement of an action under Rule 3 is not dependent upon issuance, service, or return of process under Rule 4. *See* Tenn. R. Civ. P. 3 ("All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved."). However, "it is contemplated that the filing of the complaint will bring forth the issuance of a summons." *McNeary*, 360 S.W.3d at 440 (quoting *Cline v. Lazy Eights Flight Ctr.*, Shelby Law No. 68, 1989 WL 155936 (Tenn. Ct. App. Dec. 27, 1989)). Without *timely* issuance and service of process under Rule 3, a plaintiff cannot rely upon the original commencement of an action to toll the running of the statute of limitations. *See* Tenn. R. Civ. P. 3 ("If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint."). Complying with the directive of Rule 3 is the responsibility of the plaintiff: "Rule 3 clearly puts the responsibility on the plaintiff to preserve the commencement of the action as a bar to the statute of limitations." *Cline*, 1989 WL 155936, at *4.

### B. Tennessee Code Annotated Section 28-1-106

The claims brought by Ms. Tate on behalf of her son are subject to the one-year statute of limitations imposed by the Tennessee Government Liability Act. *See* Tenn. Code Ann. §§ 29-20-305 and 29-20-104(b). However, there are various tolling doctrines that extend the running of a limitations period. *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 459 (Tenn. 2012). For instance, the statute of limitations is tolled for minors pursuant to Tennessee Code Annotated section 28-1-106. When subject to a one-year statute of limitations, "if a person is under eighteen years of age at the time the action accrued, the person may commence the action up to one year after he or she reaches the age of majority." *Waller v. Varangon Corp.*, No. W2019-02211-COA-R3-CV, 2021 WL 306466, at *6 (Tenn. Ct. App. Jan. 29, 2021); *see* Tenn. Code Ann. § 28-1-106; *Redwing*, 363 S.W.3d at 459. The tolling statute[3] provides:

> (a) If the person entitled to commence an action is, at the time the cause of action accrued, either under eighteen (18) years of age, or adjudicated incompetent, such person, or such person's representatives and privies, as the

---

[3] Tennessee Code Annotated section 28-1-106 is sometimes referred to as the "tolling statute" or the "legal disability statute."

case may be, may commence the action, after legal rights are restored, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from restoration of legal rights.

(b) Persons over the age of eighteen (18) years of age are presumed competent.

(c)(1) If the person entitled to commence an action, at the time the cause of action accrued, lacks capacity, such person or such person's representatives and privies, as the case may be, may commence the action, after removal of such incapacity, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from removal of such incapacity, except as provided for in subdivision (c)(2).

(2) Any individual with court-ordered fiduciary responsibility towards a person who lacks capacity, or any individual who possesses the legal right to bring suit on behalf of a person who lacks capacity, shall commence the action on behalf of that person within the applicable statute of limitations and may not rely on any tolling of the statute of limitations, unless that individual can establish by clear and convincing evidence that the individual did not and could not reasonably have known of the accrued cause of action.

(3) Any person asserting lack of capacity and the lack of a fiduciary or other representative who knew or reasonably should have known of the accrued cause of action shall have the burden of proving the existence of such facts.

(4) Nothing in this subsection (c) shall affect or toll any statute of repose within this code.

(d) For purposes of this section, the term "person who lacks capacity" means and shall be interpreted consistently with the term "person of unsound mind" as found in this section prior to its amendment by Chapter 47 of the Public Acts of 2011.

Tenn. Code Ann. § 28-1-106. "[T]he statute of limitations is tolled for purposes of the Tolling Statute for so long as the person to whom the claim belongs is under a disability because of age or unsound mind."[4]  *Sullivan ex rel. Wrongful Death Beneficiaries of*

---

[4] The Tennessee legislature amended Tennessee Code Annotated section 28-1-106 in 2011 and replaced the term "unsound mind" with "adjudicated incompetent" in subsection (a). *See* 2011 Tenn. Pub. Acts 47, § 17; *Cobb ex rel. Mallardi v. Tenn. Valley Authority*, 1 F.Supp.3d 864, 869 (W.D. Tenn. 2014); *Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 493 n.43 (Tenn. 2013).

*Sullivan v. Chattanooga Med. Inv's, LP*, 221 S.W.3d 506, 510 (Tenn. 2007); *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 103 (Tenn. 2006) ("If the plaintiff is under some form of legally recognized disability which tolls the statute of limitations, the statute of limitations remains tolled despite the possibility that some representative could bring the action on the plaintiff's behalf."). Therefore, the statute of limitations begins to run when the minor reaches the age of eighteen. *Abels*, 202 S.W.3d at 105.

## C. Application

Tyler was eight years old when he was allegedly assaulted at Evans Elementary School on March 26, 2018.[5] He will be eighteen years old in December, 2027. As such, he had up until his nineteenth birthday in December, 2028, to commence an action related to his alleged injury. *See Redwing*, 363 S.W.3d at 459; *Waller*, 2021 WL 306466, at *6; Tenn. Code Ann. § 28-1-106. On March 25, 2019, the complaint was filed. The initial summons was also issued on March 25, 2019, but was never served. On June 12, 2020, more than one year after the filing of the complaint and the issuance of the initial summons, the alias summons was issued. Ms. Tate achieved service of process on Shelby County on June 24, 2020. Based upon these facts, the trial court dismissed the complaint finding that Ms. Tate failed to accomplish service within the time prescribed by Tennessee Rules of Civil Procedure 3 and 4.03.

On appeal, Ms. Tate states that it is undisputed that she did not serve Shelby County or reissue summons within the 90 days prescribed by Rule 3, but she claims that is not fatal to her lawsuit and should not have resulted in its dismissal. Ms. Tate contends that "Rule 3 does not mandate dismissal, it only states that one cannot rely upon the original commencement to toll the running of the statute of limitations." Thus, Ms. Tate reasons that she does not need to rely upon the original commencement to toll the statute of limitations because of Tyler's minority status. Citing to the Tolling Statute, Ms. Tate states that the statute of limitations for Tyler to bring an action for negligence has not expired and does not expire until one year from his eighteenth birthday. Ms. Tate also cites to *Doe v. Coffee Cty. Bd. of Educ.*, 852 S.W.2d 899, 903 (Tenn. Ct. App. 1992), to support her argument. In that case, this Court recognized that, because the plaintiffs were minors when the alleged sexual misconduct occurred, Tennessee Code Annotated section 28-1-106 postponed the running of the applicable statutes of limitations until one year from the minors' eighteenth birthdays. *Id.* Ultimately, this Court held that the plaintiffs were not entitled to take advantage of Tennessee Code Annotated section 28-1-106 because they both filed suit after that date. *Id.* Although the case involved tolling of the applicable statutes of limitations for minors, service of process was not at issue in that case.

In *McNeary*, however, service of process was at issue, but the statute of limitations was not. *McNeary*, 360 S.W.3d at 437-39. After their child was injured during her birth

---

[5] According to the transcript of proceedings, Tyler was born in December, 2009.

on June 25, 1999, the plaintiffs in *McNeary* filed suit on June 30, 2005, "individually and as next friend"[6] of their child. *Id.* at 432. Summonses were issued to all defendants, but summons for one defendant was not served and was returned on June 30, 2005. *Id.* The plaintiffs reissued summons for the defendant on that same day, but the summons was never served. *Id.* at 433. After filing an amended complaint on August 18, 2005, a summons was issued for that defendant on October 21, 2005, but was again not served. *Id.* On April 22, 2008, the plaintiffs issued summons for the defendant again, and the defendant was served on April 30, 2008. *Id.* As a result, the defendant filed a motion to dismiss. *Id.* at 433-34. The trial court granted the motion based on the plaintiffs' failure to secure proper service of process within the time permitted by Rules 3 and 4 of the Tennessee Rules of Civil Procedure. *Id.* 434-35.

On appeal, the plaintiffs in *McNeary* asserted that their child's status as a minor negated the requirements of Tennessee Rules of Civil Procedure 3 and 4. *Id.* at 438. This Court held that "the plain language of Tennessee Rules of Civil Procedure 3 and 4 . . . contains no provision to indicate that a minor does not have to comply with the mandates contained therein." *Id.* This Court opined that the child's "status as a minor [was] irrelevant to the question of proper issuance and service of process." *Id.* As such, we held that the trial court correctly determined that it did not have personal jurisdiction due to the plaintiffs' failure to comply with Rules 3 and 4. *Id.* at 438-39. We further explained that the issue of the tolling of the statute of limitations was irrelevant. *Id.* at 441. Rather, the three-year statute of repose limited the time period in which the plaintiffs could file their medical malpractice claim. *Id.* at 440-41. As explained by the Tennessee Supreme Court, a "plaintiff's minority does not toll the medical malpractice statute of repose." *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 517 (Tenn. 2005), *overruling Bowers v. Hammond*, 954 S.W.2d 752 (Tenn. Ct. App. 1997), *and Braden v. Yoder*, 592 S.W.2d 896 (Tenn. Ct. App. 1979). "[T]he legal disability statute, Tennessee Code Annotated section 28-1-106, serves to toll only statutes of limitations and not statutes of repose." *Id.*; *see Penley v. Honda Motor Co.*, 31 S.W.3d 181, 186 (Tenn. 2000). We found that the plaintiffs' case against the defendant was not commenced with the initial filing of the lawsuit because the plaintiffs failed to timely obtain service in compliance with Tennessee Rules of Civil Procedure 3 and 4. *McNeary*, 360 S.W.3d at 440-41. Consequently, the medical malpractice case was barred by the statute of repose. *Id.* at 441.

---

[6] "A 'next friend' is '[a] person who appears in a lawsuit to act for the benefit of an incompetent or minor plaintiff, but who is not a party to the lawsuit and is not appointed as a guardian.'" *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 552-53 (Tenn. Ct. App. 2015) (citing Black's Law Dictionary 897 (9th ed. 2010)); *see March v. Levine*, No. 01-A-01-9708-PB00437, 1999 WL 140760, at *3 (Tenn. Ct. App. Mar. 17, 1999) ("A next friend is someone who is capable of protecting the interests of the person under the legal disability, who will be liable for the costs, and against whom the court can make and enforce its orders."). "Although parents may raise the claims of their children, their status as 'next friends' does not make them 'technically [or] substantially a party' to the minor's claims." *Id.*; *see Holley v. Blackett*, No. W2011-02115-COA-R3-CV, 2012 WL 4799053, at *4 (quoting *Williams v. Gaither*, 202 S.W. 917, 918 (Tenn. 1918)).

Before *McNeary*, this Court addressed an issue of service of process in *Suntrust Bank v. Sheep, Inc.*, No. E2005-02377-COA-R3-CV, 2006 WL 1735132, at *2 (Tenn. Ct. App. June 26, 2006), which involved the statute of limitations. The plaintiff in *Suntrust* insisted that failing to have process reissued for over two years was of no consequence because it was not relying on Tennessee Rule of Civil Procedure 3. *Id.* Plaintiff further asserted that the statute of limitations to its claims was either three or six years, and thus the statute of limitations had not run when the latest summons was issued. *Id.* Citing to case law that dismissed lawsuits for a plaintiff's failure to comply with Rule 3, this Court distinguished those cases and explained that the cases dealt with situations where the time period of the statute of limitations had already run. *Id.* After careful analysis of Rule 3, we concluded that "the proscription set forth in [Rule 3] is inapplicable to cases where the plaintiff is not relying upon the original commencement of the action to toll the running of the statute of limitations . . . ." *Id.* Therefore, we held that Rule 3 did not authorize the trial court to dismiss the lawsuit and vacated the trial court's judgment. *Id.* We also held that "[a] dismissal for failure to prosecute would not have been appropriate" because service of process was ultimately effected. *Id.* at 3.

After *McNeary*, this Court addressed a similar issue in *Meersman v. Regions Morgan Keegan Tr.*, No. M2017-02043-COA-R3-CV, 2018 WL 4896660, at *9-10 (Tenn. Ct. App. Oct. 9, 2018). In *Meersman*, the plaintiff did not attempt to reissue summons after it was returned unserved. *Id.* at *1. Because the defendant was *never* served, the trial court dismissed the complaint for failure to prosecute. *Id.* at *3. On appeal, the plaintiff argued that the trial court should not have dismissed his claims because the statute of limitations for his claims had not expired. *Id.* at *9. We affirmed the trial court's dismissal, but distinguished the facts of the case from the facts of our decision in *Suntrust*. *Id.* at *10. We emphasized that in *Suntrust*, "the plaintiff obtained proper service before the case was dismissed." *Id.* at *10. However, the defendant in *Meersman* was never served, and therefore the trial court never "acquired jurisdiction over the parties because of the insufficient service of process." *Id.*

In the case at bar, we now address whether Ms. Tate complied with Tennessee Rules of Civil Procedure 3 and 4. The initial summons was issued on March 25, 2019. After more than a year had passed, the initial summons was returned unserved on June 12, 2020. At this point, Ms. Tate had failed to comply with Rule 3. Process was not served within 90 days from issuance, and she failed to obtain issuance of new process within one year from issuance of the previous process. *See* Tenn. R. Civ. P. 3. However, as we previously explained, violating Rule 3 does not make service ineffective under Rule 4:

> It seems abundantly clear that if process is served and proper return is made as provided in Rule 4, the process possesses the necessary validity to bring the person served before the court for jurisdictional purposes. Process may be valid under Rule 4, but still insufficient to toll the statute of limitations as provided by Rule 3. Rule 4 is in no way intended to toll the statute of

- 10 -

limitations. Therefore, even if service is complete and valid under Rule 4, if the requirements of Rule 3 have not been met, the statute of limitations is not tolled.

*Dougherty*, 963 S.W.2d at 509-10. Rule 4.03 states that a plaintiff "*may* obtain new summonses from time to time, as provided in Rule 3." Tenn. R. Civ. P. 4.03.

The initial summons was returned unserved on June 12, 2020. According to the server's return, the summons was not served and noted that Shelby County was "not to be found . . . after a diligent search and inquiry." The alias summons was issued on the same day, and Shelby County was served on June 24, 2020. The individual who served the summons promptly made proof of service to the court on July 1, 2020. *See* Tenn. R. Civ. P. 4.03. The trial court acquired personal jurisdiction over Shelby County when service of process was completed on June 24, 2020. *See Ramsay v. Custer*, 387 S.W.3d 566, 568 (Tenn. Ct. App. 2012) ("Service of process is an essential part of a legal proceeding because the trial court's jurisdiction of the parties is acquired by service of process."). As such, we find that the service completed on June 24, 2020, complied with Rule 4's requirement.

We reiterate that "[p]rocess may be valid under Rule 4, but still insufficient to toll the statute of limitations as provided by Rule 3." *Dougherty*, 963 S.W.2d at 509. Because Ms. Tate failed to adhere to the time constraints for service of process in Rule 3, we find that Ms. Tate failed to comply with Rule 3 and consequently could not rely on the original commencement of the action to toll the running of the statute of limitations. While Ms. Tate did not serve Shelby County according to the requirements in Rule 3, this does not result in dismissal under these circumstances. The claims were not time-barred because Tennessee Code Annotated section 28-1-106 already tolled the statute of limitations for Tyler until his eighteenth birthday, which will occur on December 7, 2027. Ms. Tate served Shelby County according to Rule 4 before the statute of limitations had ended. Therefore, Tyler's claims survived. As explained in *Suntrust*, "the proscription set forth in [Rule 3] is inapplicable to cases where the plaintiff is not relying upon the original commencement of the action to toll the running of the statute of limitations, which are the circumstances in this case." *Suntrust*, 2006 WL 1735132, at *2.

Because Ms. Tate brought this suit on behalf of her son, Shelby County argues that the statute of limitations is not tolled on the basis of disability where a legal representative has the right to bring suit on behalf of the person who "lacks capacity," absent clear and convincing evidence the representative "did not and could not reasonably have known of the accrued cause of action." Tenn. Code Ann. § 28-1-106(c)-(d). Shelby County states that Ms. Tate "had a duty to commence this action on Tyler's behalf within the applicable statute of limitations." In *Sullivan*, the defendant made a similar argument. *Sullivan*, 221 S.W.3d at 509. The Tennessee Supreme Court explained that "all minors have some person, either a guardian or a parent or a next friend, who has the authority to file a lawsuit on their behalf." *Id.* at 510. "If the statute has not run as to the minor's claim, *a fortiori*,

it has not run against his present guardian." *Id.* (quoting *State ex rel. Brooks v. Gunn*, 667 S.W.2d 499, 501 (Tenn. Ct. App. 1984)); *see also Hale v. Ellison*, 59 S.W. 673 (Tenn. Ch. App. 1900). Thus, the Tennessee Supreme Court held that "the statute of limitations is tolled for purposes of the Tolling Statute for so long as the person to whom the claim belongs is under a disability because of age or unsound mind." *Id.* Additionally, in 2006, the Tennessee Supreme Court first addressed the issue of the effect of a representative commencing an action *before* the disability is removed. *Abels*, 202 S.W.3d at 102. The Tennessee Supreme Court held:

> The plain language of Tennessee's legal disability statute tolls the running of the statute of limitations while the claimant is "either under the age of eighteen (18) years, or of unsound mind." Tenn. Code Ann. § 28-1-106. The tolling ends when "such disability" is removed. The disability of minority is removed when a minor attains the age of majority.

*Id.* at 105.

In making its argument, Shelby County cites specifically to Tennessee Code Annotated section 28-1-106(c)-(d) asserting that Ms. Tate is subject to the provisions. Before subsections (c) and (d) were added to Tennessee Code Annotated section 28-1-106, we recognized that the disability of "unsound mind" is a distinct disability from minority. *See Abels*, 202 S.W.3d at 105 ("Tennessee Code Annotated section 28-1-106 treats two distinct conditions as disabilities: minority and being of unsound mind.") In 2011, the Tennessee legislature amended Tennessee Code Annotated section 28-1-106 and replaced the term "unsound mind" with "adjudicated incompetent" in subsection (a). *See* 2011 Tenn. Pub. Acts 47, § 17; *Cobb*, 1 F.Supp.3d at 869; *Reid*, 396 S.W.3d at 493 n.43. Then in 2016, the Tennessee legislature added subsections (b) through (d). *See* 2016 Tenn. Pub. Acts 932, § 1. Subsection (c) specifically uses the language "lacks capacity." *See* Tenn. Code Ann. § 28-1-106(c). Subsection (d) then clearly states that "[f]or purposes of this section, the term 'person who lacks capacity' means and shall be interpreted consistently with the term 'person of unsound mind' as found in this section prior to its amendment by Chapter 47 of the Public Acts of 2011." Tenn. Code Ann. § 28-1-106(d). Accordingly, we can only conclude that subsection (c) does not apply to the disability of minority because it only uses the term "person who lacks capacity," which the statute requires to be interpreted consistently with the term "person of unsound mind." Tenn. Code Ann. § 28-1-106(c)-(d); *see also* Am. L. Prod. Liab. 3d § 47:67 ("Under Tennessee law, if a person has been 'adjudicated incompetent,' or 'lacks capacity,' meaning that the person is 'of unsound mind,' the statute of limitations is tolled until the individual is no longer of unsound mind, due either to a change in the individual's condition or the individual's death."). If we were to hold that the statute of limitations is not tolled for minors because their parents have a duty to commence an action on their behalf, then the protections of Tennessee Code Annotated section 28-1-106 for minors would be all but nullified. For these reasons, we respectfully disagree with Shelby County's argument.

- 12 -

Our holding is supported by other previous Tennessee decisions. In *Maness v. Garbes*, No. M2008-00797-COA-R3-CV, 2009 WL 837707, at *1 (Tenn. Ct. App. Mar. 26, 2009), we held that the trial court properly dismissed a negligence action as being time-barred due to the plaintiffs' failure to issue an alias summons within one year after the issuance of the original summons. However, we also noted that the trial court properly denied the defendants' motion to dismiss the claims of the minor plaintiff because his claims were not time-barred. *Id.* at *1 n.5. In *Johnson v. Fortunes Untold, Inc.*, No. 03A01-9710-CV-00464, 1998 WL 379186, at *1-2 (Tenn. Ct. App. July 8, 1998), we affirmed the trial court's dismissal of the plaintiffs' personal injury claims for failure to comply with Rule 3. However, the children's claims were not dismissed because their minority tolled the statute of limitations. *Id.* at *1. Moreover, in *Gunn*, we held that a minor was properly brought into an action more than two years after the original complaint was filed because the statute of limitations had yet to run against the minor due to Tennessee Code Annotated section 28-1-106. *Gunn*, 667 S.W.2d at 501.

We emphasize that our holding is distinguishable from *McNeary*. The Court in that case found that both minority and the statute of limitations were irrelevant to the question of proper issuance and service of process because the plaintiffs were subject to the statute of repose, which a plaintiff's minority status does not toll. *McNeary*, 360 S.W.3d at 438-41; *see Calaway*, 193 S.W.3d at 517 (holding that a plaintiff's minority does not toll the medical malpractice statute of repose). Indeed, "the plain language of Tennessee Rules of Civil Procedure 3 and 4 . . . contains no provision to indicate that a minor does not have to comply with the mandates contained therein." *Id.* at 438. While a minor must comply with the mandates of Tennessee Rules of Civil Procedure 3 and 4, the consequence of failing to comply with the time for service of process under Rule 3 is that the plaintiff can no longer rely on the original commencement to toll the running of the statute of limitations. *See* Tenn. R. Civ. P. 3. We have already explained, however, that Tennessee Code Annotated section 28-1-106 already tolled the statute of limitations for Tyler until his eighteenth birthday, which does not occur until December 7, 2027. Likewise, our holding is distinguishable from *Meersman* because the defendant in that case was never served and the trial court dismissed the complaint for failure to prosecute. *Meersman,* 2018 WL 4896660 at *10.

It is not this Court's intention to promote delay in the issuance and service of process under these circumstances. "[G]ood practice mandates following up to ensure that a summons is promptly issued and served." Tenn. R. Civ. P. 3, Advisory Commission Comment to 1997 Amendment. Furthermore, pursuant to Rule 4.01(3) of the Tennessee Rules of Civil Procedure, intentional delay of prompt issuance or service of a summons may result in sanctions for lawyer misconduct. *See* Tenn. R. Civ. P. 4.01(3), Advisory Commission Comment to 2004 Amendment; *Stempa v. Walgreen Co.*, 70 S.W.3d 39 (Tenn. Ct. App. 2001). Additionally, trial courts "have the express authority to dismiss cases for failure to prosecute . . . ." *Hessmer v. Hessmer*, 138 S.W. 3d 901, 904 (Tenn. Ct. App. 2003) (citing Tenn. R. Civ. P. 41.02(1)).

We conclude that the trial court erred in dismissing the complaint. Despite noncompliance with Rule 3's time for service of process, Ms. Tate's noncompliance did not affect the validity of service of process under Rule 4. The only consequence for failing to comply with Rule 3's time for service of process was that Ms. Tate could no longer rely on the original commencement to toll the running of the statute of limitations. However, the statute of limitations for Tyler's claims was already tolled until his eighteenth birthday in December 2027. As such, service of process was completed within the statute of limitations when Shelby County was served on June 24, 2020. Tyler's claims against Shelby County survived and dismissal was improper.[7]

## V.  CONCLUSION

For the aforementioned reasons, we reverse the decision of the trial court. The case is remanded for further proceedings. Costs of this appeal are taxed to the appellee, Shelby County Board of Education, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE

---

[7] Although the style of the case stated that Ms. Tate was a plaintiff both on behalf of her minor son and individually, it is unclear from the complaint whether Ms. Tate actually brought any individual claims. Additionally, Shelby County asserted that Ms. Tate pled on behalf of Tyler alone and that Ms. Tate's appellate brief included only claims asserted on behalf of Tyler. The trial court dismissed the claims of both Ms. Tate and Tyler. If Ms. Tate did plead any individual claims, they were not argued on appeal. Therefore, to the extent that Ms. Tate did plead any individual claims in the complaint, we conclude that only Tyler's claims against Shelby County survived.